RHODES *vs*. HARRISON, administrator.

[Jackson, Judge, did not preside in this case on account of providential cause.]

1. An agreement between an administrator of two deceased persons and the husband of an heir at law of both of them (one having died in 1859, and the marriage having occurred prior to 1866), that the former should receive in settlement of an execution held by him in favor of one intestate against the husband, the amount coming to himself and wife from both estates, was merely executory and not binding upon either party as to any definite amount, and this, though the assets were in the administrator's hands, and there were no debts.

2. Returns made as administrator of the other intestate, not a party to the execution, are inadmissible to show the amount due by him to the various heirs at law, and thus to establish payment.

Contracts. Administrators and executors. Evidence. Before Judge POTTLE. Wilkes Superior Court. November Term, 1877.

To the report contained in the decision, it is only necessary to add the following : A *fi. fa.* in favor of Mrs. Hackney, deceased, held by Harrison, her administrator, was levied on certain property of Rhodes. He filed an affidavit of illegality. On the trial the jury found for plaintiff, and defendant excepted.

W. M. & M. P. REESE ; F..H. COLLEY, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This case came before the court below on an affidavit of illegality to an execution which had been levied on the defendant's property, who alleged that the same had been paid off and discharged. The plaintiff in *fi. fa.* traversed the defendant's affidavit, and upon the trial of the issue thus formed, it was proved on the part of the defendant that the plaintiff (who was the administrator of Jas. T. Hackney, and Mary Hackney, father and mother of defendant's wife, who was married prior to 1866, Jas. T. Hackney having died in 1859,) had agreed to receive in payment of the balance due on said *fi. fa.* the amounts coming to him and his wife from the respective estates of Jas. T. and Mary Hackney, and that there were no debts due from either of the estates—and also offered to prove in connection with the foregoing testimony, the returns made by the plaintiff Harrison, as administrator *de bonis non* on the estate of Jas. T. Hackney, to show the amount received by him as such administrator, and the amounts due the heirs at law of said intestate by said Harrison as such administrator, which evidence so offered, the court ruled out on motion of plain-

tiff's attorney, to which the defendant excepted, and now assigns the same as error. The jury then found a verdict for the plaintiff for $170.00, as the balance due on the execution.

1. 2. There was no error in ruling out the testimony offered by the defendant for the purpose of showing that the execution was paid off. The alleged agreement was merely *executory* and not binding upon either as to any definite amount, whereas the execution was for a definite amount. Besides, the execution was in favor of the administrator of Mary Hackney, and the testimony offered was the returns made by the administrator *de bonis non* of Jas. T. Hackney.

Let the judgment of the court below be affirmed.